UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01908-RGK-RAO | Date | May 3, 2022 |
|---|---|---|---|
| Title | *AHMIR RINGO, et al v. BLACKSTONE CONSULTING, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Joseph Remigio (not present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 18, 2022, Ahmir Ringo ("Plaintiff") filed a complaint on behalf of other aggrieved employees pursuant to PAGA, against Blackstone Consulting, Inc. ("Defendant"). The complaint alleges state statutory claims based on violations of wage hour laws.

On March 23, 2022, Defendant removed the action to this Court alleging jurisdiction on the ground of federal question, specifically preemption by the LMRA. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Defendant argues that because Plaintiff is a union member and subject to a collective bargaining agreement ("CBA"), Plaintiff's state law claims are preempted by Section 301 of the LMRA. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01908-RGK-RAO | Date | May 3, 2022 |
|---|---|---|---|
| Title | *AHMIR RINGO, et al v. BLACKSTONE CONSULTING, INC.* | | |

upon review of the Complaint and Defendant's Notice of Removal, there are no facts or allegations indicating that Plaintiff's claims involve rights that are either (1) granted solely based on the CBA, or (2) substantially dependent on a CBA. Rather, the stated claims involve rights conferred by California law that are independent of any CBA, and there is no adequate showing that such rights are substantially dependent on a CBA such that resolution of the claims require interpretation of the CBA.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles County Superior Court, 22SMCV00066

:

Initials of Preparer    jre/v